Case 1:08-cv-02340 Document 1-2 Filed 03/25/2008 Page 1 of 4

FILED
JAMES BONINI
CLERK

07 DEC 20 PM 12: 58

U.S. DIST. COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMES H. WALLACE, JR.
108 Powell Avenue
Bellefountaine, Ohio 43311

Plaintiff

vs.

DAVOL, INC.
Authorized Agent, Brian Burlew
Legal Department C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

and

C. R. BARD, INC.
Authorized Agent, Brian Burlew
Legal Department C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

Defendants

Case No. 2 : 07 CV 1281
Judge

MAGISTRATE JUDGE ABEL

**COMPLAINT**

(Jury Demand Endorsed Hereon)

**First Claim for Relief**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 inasmuch as this is a diversity action and the amount in controversy is in excess of $75,000 exclusive of interest and costs. At all times relevant, Plaintiff resides in Bellefountaine, within Logan County, Ohio.

2. Defendant Davol, Inc. ("Davol") is incorporated under the laws of Delaware and has its principal place of business at 100 Sockanosset Crossroad. P. O. Box 8500, Cranston, Rhode Island 02920. It manufactures the Composix® Kugel® Hernia Patch ("Kugel Patch"), an FDA-approved Class II medical device, which is intended to facilitate

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

the repair of ventral hernias. Davol focuses its business on medical products used during surgeries, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant Davol, by and through its agents, has marketed and/or sold and/or distributed its Kugel Patch product within the Northern District of Ohio.

4. Defendant C.R. Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol, and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

5. Defendant Bard has marketed and/or sold and/or distributed the Kugel Patch product within the Northern District of Ohio.

6. On or about December 18, 2003, Plaintiff James Wallace, Jr. was implanted with a Large Oval (14cm. x 18cm.) Bard Composix® Kugel® Hernia Patch, Lot number 43IND469, in connection with a surgical hernia repair. A second Large Oval (14cm. x 18cm.) Bard Composix® Kugel® Hernia Patch, Lot number 43 DOD412 was implanted on September 17, 2004. A third Large Oval (14 cm. x 18cm.) Bard Composix® Kugel® Hernia Patch, Lot number 43GOD237 was implanted on February 9, 2005.

7. Some or all of the Kugel Patches described above failed to function as they were designed and/or intended.

8. Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and/or defective. Despite this knowledge, Defendants Davol and Bard both continued to market and sell Kugel Patches, and also failed to timely and adequately inform and/or warn the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

9. On or about December 22, 2005, March 24, 2006 and January 10, 2007, various categories of Kugel Patch were recalled from the market.

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

10. The Defendants' product was defective in its design, manufacture, and construction, and failed to conform to representations made by its manufacturer.

11. In addition, the Defendants' product was defective due to Defendants' Davol and Bard's failure to adequately test, warn, and instruct consumers at the time of design, manufacture, marketing, and thereafter.

12. The Defendants Davol and Bard breached their warranties of fitness and merchantability with respect to this product.

13. Defendants Davol and Bard engaged in careless and/or deceptive and/or unconscionable and/or unreasonable business and sales practices with regard to the product(s) at issue.

14. As a direct and proximate result of the Defendants' defective product and/or misconduct described above, Plaintiff suffered from several complications including, but not limited to, several hospitalizations; surgical procedures; recurrence; infection; the development of abscesses and other fluid accumulations in the abdomen and abdominal wall; and, the development of an enterocutaneous fistula requiring the mesh's removal on July 28, 2005.

15. Plaintiff James Wallace did not discover or have any reason to know his medical conditions were caused by and/or were related to any defect in the Kugel patches implanted until well after the initial December 22, 2005 recall.

16. As a direct and proximate result of the Defendants' defective product and/or misconduct described above, Plaintiff suffered severe injury and disability, endured conscious pain and suffering, incurred hospital, medical, and equipment expenses, suffered lost wages and other economic loss, and was otherwise injured, the extent of which will be more fully adduced at the trial of this matter. Some or all of the foregoing injuries and damages will continue into the future for an indefinite period of time.

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

WHEREFORE, Plaintiff James H. Wallace, Jr. prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate him for his injury, damage, and loss.

A TRIAL BY JURY IS HEREBY DEMANDED.

RHONDA BAKER DEBEVEC (00068260)

OF COUNSEL:

Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
FAX (216) 696-3924
rbd@spanglaw.com

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO